RECEIVED
NOV - 4 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

Order

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| REV. CHARLES E. GUILLORY and HOWARD DESSELLES, | CIVIL ACTION NO. 03-CV-0285-A |
| Plaintiffs/Movers | |
| VS. | JUDGE DRELL |
| AVOYELLES PARISH SCHOOL BOARD, DR. DWAYNE LEMOINE, Superintendent, and AVOYELLES PARISH SCHOOL BOARD MEMBERS, namely; JIM GUILLORY, LYNN DELOACH, CARLOS MAYEAUX, JR., RICKY JUNEAU, LIZZIE NED, VAN KOJIS, ROBERT DUNBAR, FREEMAN FORD, DARRELL WILEY, JAMES GAUTHIER, SHEILA DUPAS, MICHEAL LACOMBE and CINDY HILL, in the official capacities as Superintendent and Members of the Avoyelles Parish School Board, respectively, | MAGISTRATE JUDGE KIRK |
| Defendants | |

**PLAINTIFFS'/MOVERS' COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**l. The Nature of the Case**

1, This is an action for declaratory and injunction relief to enforce the provisions of the Fourteenth and Fifteenth Amendments to the Constitution of the United States of America and §2 of the Voting Rights of 1965, 42 U.S.C.§1973, and to prevent deprivation of the rights, privileges and immunities secured by the aforementioned federal constitutional provisions and statute.

## II. Jurisdiction

2.     The jurisdiction of this Court is invoked under Title 28 of the United States Code, §§1331, 1343(3), 1343(4), and 2201; this complaint being authorized by Title 42 of the United States Code, §1983.

## III. Parties

3.     Plaintiffs/Movers, Rev. Charles E. Guillory and Howard Desselles are African-American adult citizens and registered voters of Avoyelles Parish, Louisiana. Plaintiffs/movers desire to participate in the electoral and political process in Avoyelles Parish, Louisiana. Plaintiffs/movers desire to participate meaningfully and fully in the electoral and political process in Avoyelles Parish by being represented by individuals of their choice.

4.     Defendant AVOYELLES PARISH SCHOOL BOARD is a body corporate and politic and political subdivision of the State of Louisiana, duly established under the laws and constitution of said State. It has policy making and administrative responsibilities of the AVOYELLES PARISH SCHOOL SYSTEM and has the power of suing and being sued in its own name.

5.     Defendants, DR. DWAYNE LEMOINE, and AVOYELLES PARISH SCHOOL BOARD MEMBES, namely: JIM GUILLORY, LYNN DELOACH, CARLOS MAYEAUX, JR., RICKY JUNEAU, LIZZIE NED, VAN KOJIS, ROBERT DUNBAR, FREEMAN FORD, DARRELL WILEY, JAMES GAUTHIER, SHEILA DUPAS, MICHEAL LACOMBE and CINDY HILL are the superintendent and board members respectively of the AVOYELLES PARISH SCHOOL BOARD. They are sued in their official capacities only.

## IV. Facts

6. At all times set out herein, defendants were and have been acting under color of the statutes, ordinances, regulations customs and usages of the State of Louisiana and Avoyelles Parish.

7. Your plaintiffs/movers show that when this Honorable Court rendered judgment reapportioning the Avoyelles Parish School Board by reducing the number of board members from 15 members to 9 members and three of the nine members were to be elected from districts which had a majority African American population the goal and purpose were to grant to African Americans the opportunity to elect the representatives of their choice to serve on the school board.

8 Your plaintiffs/movers show that this reapportionment plan was entered into in good faith honestly thinking that the lines creating the nine districts were drawn in a manner to accomplish the intended goal and purpose which were to afford African Americans the opportunity to elect the representatives of their choice to the school board.

9. Your plaintiffs/movers state that Ms. Lizzie Ned in the most recent election was re-elected to represent District 6 of the Avoyelles Parish School Board, a district that is majority African Americans and a district that she has represented very well for the past four (4) years.

10. Your plaintiffs/movers show that the address of Mrs. Lizzie Ned is 203 N. Cottonwood Street, Bunkie, Louisiana and according to her Voter Identification card, at that time, she is a resident of District 6 of the Avoyelles Parish School Board. A copy her Voter Identification card is attached to and made a part of this petition and is labeled Exhibit "A".

11. Your plaintiffs/movers show that in the most recent election, Mrs. Lizzie Ned qualified to run for re-election to the Avoyelles Parish School Board representing District 6 and neither the

Clerk of Court, who accepted her application or the Registrar of Voters, Gloria M. Moreau, informed her that she did not reside in District 6; that she resided in District 4.

12.     Your plaintiffs/movers show that Mrs. Lizzie Ned was overwhelmingly re-elected to the School Board to represent District 6 and she received approximately 77% of the votes in that election. It was not until she was overwhelmingly re-elected that she received a telephone call from Gloria M. Moreau, Registrar of Voters, Parish of Avoyelles, informing her that she does not live in District 6, a majority African American District; that she resides in District 4, a majority Caucasian District.

13.     Your plaintiffs/movers state that shortly after being informed by the Registrar of Voters, Mrs. Lizzie Ned was notified by the Avoyelles Parish District Attorney, Charles Riddle, III, that if anyone filed a complaint challenging her residency, he would have to take action as District Attorney to remove her from her position on the Avoyelles Parish School Board as the representative of District 6.

14.     Your plaintiffs/movers state that shortly after Charles Riddle III contacted Mrs. Lizzie Ned, he called her to inform her that a complaint had been filed by Ms. Sandra Young Campbell with his office pursuant to R.S. 18:672 challenging whether Mrs. Lizzie Ned meets the residency requirement to represent District 6 on the Avoyelles Parish School Board. A copy of the complaint filed by Ms. Sandra Young Campbell is attached to and made a part of this petition and is labeled Exhibit "B".

15.     Your plaintiffs/movers show that they have reason to believe that after Ms. Sandra Young Campbell was informed by African Americans in the Bunkie community that she was being used by the political hierarchy in Avoyelles Parish and certain members of the Avoyelles Parish

School Board in an attempt to remove a strong voice for the black community on the school board and to dilute and minimize the voice of a strong black educator on the school board, Ms. Sandra Young Campbell decided to withdraw her complaint. A copy of the withdrawing of her complaint is attached and labeled Exhibit "C".

16. Your plaintiffs/movers show that, at all times material herein, the political hierarchy and certain members of the Avoyelles Parish School Board acted in bad faith in that they intentionally had the reapportionment lines drawn to run down the center of North Cottonwood Street for the sole purpose of removing Mrs. Lizzie Ned, a strong voice for the African Community, from the school board by placing her in District 4, a majority Caucasian district, Further, the political hierarchy and certain members of the Avoyelles Parish School Board knew that the lines were drawn to remove Mrs. Lizzie Ned from the school board and they kept quiet about it, hoping that Ms. Ned would not be re-elected. However, after she was re-elected, they had no choice but to reveal their diabolical scheme.

17. Your plaintiffs/movers show that the political hierarchy of Avoyelles Parish did not even bother to inform the court that the reapportionment plan approved by it, in good faith, was intentionally drawn to remove a sitting school board member, who was representing the African American community, from a majority African American district to a majority Caucasian district, with the sole intent of making it impossible for that person (Mrs. Lizzie Ned) to be elected to the school board.

18. Your plaintiffs/movers vigorously assert that the latest reapportionment plan for the Avoyelles Parish School Board approved by this court was done in good faith and in an effort to

give African Americans in of Avoyelles Parish voices of their choice on the school board. On the contrary, the political hierarchy of Avoyelles Parish acted in bad faith in having the reapportionment lines drawn for no other purpose than to silence a strong black political voice in Avoyelles Parish in the person of Mrs. Lizzie Ned. The action of the political hierarchy in Avoyelles Parish in doing what it is attempting to do Mrs. Lizzie Ned, is in actuality bringing shame, embarrassment and dishonor to the integrity of this court, who acted in good faith.

19. Your plaintiffs/movers show that specifically the present reapportionment plan as it applies to Districts 4 and 6 is unconstitutional in the following manner:

1) Districts 4 and 6 of the School Board are contiguous and in order to remove Mrs. Ned from District 6 and place her in District 4, the reapportionment line ran in the middle of N. Cottonwood Street to make sure that she was in a majority white district and could not be elected to the school board; this conniving and diabolical act runs contrary to the true intent of the court in implementing this reapportionment plan;

2) The line drawn to intentionally exclude Mrs. Lizzie Ned was gerrymandered to prevent her from representing District 6, a majority black district;

3) That Mrs. Ned is an educator and a strong voice on the Avoyelles Parish School Board for the African American community, therefore, the intentionally drawing of the reapportionment line to make sure that she could not be elected to the School Board for District 4 was nothing more than the intentionally attempt to dilute a strong voice for the black students in Avoyelles Parish.

20. Your plaintiffs/movers humbly ask that this court would enjoin the political hierarchy of Avoyelles Parish from intentionally circumventing the will of this court by removing Mrs. Lizzie Ned from District 6, a district she was recently re-elected to serve and placed her in District 4, a district that is majority Caucasian and which she could never be elected to serve on the school board. To correct this gross injustice, all the court has to do is move the reapportionment line from the center of North Cottonwood Street to include all residents of North Cottonwood Street in District 6 and this move would involve a maximum of

approximately 16 persons. Further, reapportionment lines have been moved under this plan on two previous occasions in the past to satisfy the wishes of Caucasians. Could those reapportionment lines not be moved one time to satisfy African Americans?

21. Your plaintiffs/movers state that Charles Riddle III, District Attorney for the Parish of Avoyelles, has begun to take steps to remove Mrs. Lizzie Ned from her office and as proof of this fact, plaintiff/movers are attaching and making a part of this petition the findings of Charles Riddle, III pertaining to the residency issue of Mrs. Ned. A copy of that findings is labeled Exhibit D.

22, Your plaintiffs/movers show that Charles Riddle III is so obsessed with removing Mrs. Ned, a strong voice on the school board for the African American community, that after Sandra Young Campbell dropped her complaint, he is proceeding to remove her from her office claiming that another person has filed a complaint to remove Mrs. Lizzie Ned from her office pursuant to R.S. 18:672 et seq. which clearly violates the true intention of the reapportionment plan of this Honorable Court. For reasons only Charles Riddle III knows, counsel for Mrs. Ned nor Mrs. Ned was furnished with a copy of the written complaint of this other person.

23. Your plaintiffs/movers further fear that the District Attorney for the Parish of Avoyelles will accomplish his goal of removing Mrs. Lizzie Ned as a member of the Avoyelles Parish School Board during the pendency of these proceedings, therefore, it is necessary that the court would issue a preliminary writ of injunction in the form and substance of a permanent injunction to protect the rights of plaintiffs/movers and the integrity and honor of this court's latest reapportionment plan.

    **WHEREFORE**, your plaintiffs/movers pray that:

1) This Honorable Court would issue a temporary restraining order according to law directing Charles Riddle, III, District Attorney for the Parish of Avoyelles, restraining, enjoining and prohibiting him from proceeding with the removal of Mrs. Lizzie Ned as a School Board member pursuant to R.S. 18:672 et seq.;

2) That this court would do the right and proper thing in this matter and, that is, to move the reapportionment line from the center of North Cottonwood Street to include all residents of Cottonwood Street;

3) That the Avoyelles Parish School Board and all of the members of the School board and Charles Riddle, III, District Attorney for Avoyelles Parish, be duly served and cited to answer same;

4) That Charles Riddle, III, District Attorney for the Parish of Avoyelles, be duly ordered to show cause on a date and hour fixed by this Honorable Court why a preliminary injunction in the form and substance of the temporary restraining order prayed for above should not be issued herein and after all due proceedings had, there be judgment herein making said rule absolute and that a preliminary injunction be issued in the form and substance of the temporary restraining order prayed for herein and further that the appropriate action be taken by the court to cure the problem at issue.

5) That plaintiffs/movers be awarded reasonable attorney fees for having to institute this action.

Respectfully submitted,

EDWARD LARVADAIN, JR. LAW OFFICE

BY: *Edward Larvadain*
Edward Larvadain, Jr., #8056
626 Eighth Street
Alexandria, Louisiana 71301
Tel.: (318) 445-6717
Fax: (318) 445-4030

LAW OFFICE OF MALCOLM X. LARVADAIN

BY: _____
Malcolm X. Larvadain, La. Bar #26,066
626 Eighth Street
Alexandria, Louisiana 71301
Tel.: (318) 445-3533
Fax: (318) 445-4030

**ATTORNEY FOR PLAINTIFFS/MOVERS**

PLEASE SERVE:

Avoyelles Parish School Board
through its President
221 Tunica Drive West
Marksville, LA 71351

Dr. Dwayne Lemoine, Superintendent
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Jim Guillory, Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Lynn Deloach, Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Carlos Mayeaux, Jr., Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Ricky Juneau, Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Lizzie Ned, Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Van Kojis, Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Robert Dunbar
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA  71351

Freeman Ford
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA  71351

Darrell Wiley
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA  71351

James Gauthier
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA  71351

Sheila Dupas
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA  71351

Michael Lacombe
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA  71351

Cindy Hill
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA  71351

# **VERIFICATION**

**STATE OF LOUISIANA**

**PARISH OF RAPIDES**

BEFORE ME, the undersigned Notary Public in and for the State and Parish aforestated, PERSONALLY CAME AND APPEARED: **REV. CHARLES E. GUILLORY** and **HOWARD DESSELLES**, who, after being duly sworn, did state as follows:

That they are the plaintiffs/movers in the foregoing Complaint for Injunctive and Declaratory Relief; that they have read same and all allegations of fact contained therein are true and correct to the best of their information, knowledge and belief.

_____
REV. CHARLES E. GUILLORY

_____
HOWARD DESSELLES

SWORN TO AND SUBSCRIBED before me this _3rd_ day of November, 2010.

_____
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| REV. CHARLES E. GUILLORY and HOWARD DESSELLES, | CIVIL ACTION NO. 03-CV-0285-A |
| Plaintiffs/Movers | |
| VS. | JUDGE DRELL |
| AVOYELLES PARISH SCHOOL BOARD, DR. DWAYNE LEMOINE, Superintendent, and AVOYELLES PARISH SCHOOL BOARD MEMBERS, namely; JIM GUILLORY, LYNN DELOACH, CARLOS MAYEAUX, JR., RICKY JUNEAU, LIZZIE NED, VAN KOJIS, ROBERT DUNBAR, FREEMAN FORD, DARRELL WILEY, JAMES GAUTHIER, SHEILA DUPAS, MICHEAL LACOMBE and CINDY HILL, in the official capacities as Superintendent and Members of the Avoyelles Parish School Board, respectively, | MAGISTRATE JUDGE KIRK |
| Defendants | |

## **O R D E R**

Considering the verified petition filed herein and the court being satisfied from the specific facts herein appearing that irreparable injury will result by the removal of Mrs. Lizzie Ned as a member of the Avoyelles Parish School before service of process through ordinary channels can be had and a hearing also can be had on plaintiffs'/movers' application for a preliminary injunction:

**IT IS ORDERED** by the court that Charles Riddle, III, District Attorney for the Avoyelles Parish School Board, be and he is hereby temporarily restrained, enjoined and prohibited from proceeding with his attempt to remove Mrs. Lizzie Ned as an Avoyelles Parish School Board member for District 6 pursuant to R.S. 18:672 et seq.

**IT IS FURTHER ORDERED** by this court that Charles Riddle, III, District Attorney for the Parish of Avoyelles, show cause before this Honorable Court, on the _____ day of _____, 2010 at _____ o'clock _____.m., why a preliminary writ of injunction in the form and substance of the above temporary restraining order should not be issued herein to be effective during the pendency of these proceedings and that on the hearing on this rule proof may be adduced by verified pleadings, supporting affidavits or by proof as in ordinary cases by plaintiffs/movers to prove that this injunction is warranted.

Alexandria, Louisiana, this _____ day of November, 2010.

---

**UNITED STATES DISTRICT JUDGE**